UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL WALKER** | **CIVIL ACTION** |
| **VERSUS** | **NO.    10-2541** |
| **MALISE PRIETO, ET AL.** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge under Uniform Louisiana Local Rule 73.2E to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.      Factual Summary

The *pro se* plaintiff, Michael Walker, is incarcerated in the B.B. (Sixty) Rayburn Correctional Center ("RCC") in Angie, Louisiana.[1] Walker contends that Betty D. Venturella, a Certified Court Reporter in the Parish of St. Tammany, of the 22nd Judicial District Court, intentionally altered the transcript of his *Boykin* hearing on June 15, 1994, in Case No. 226570. During his *Boykin* hearing, Walker pled guilty to possession of cocaine and aggravated battery.

---

[1] Rec. Doc. No. 2.

Walker contends that Venturella worked in concert with Malise Prieto, the Clerk of Court for the 22nd Judicial District Court in St. Tammany Parish and Scott Gardner, an Assistant District Attorney in St. Tammany Parish's District Attorneys Office, in conspiring to have an inaccurate transcript of the proceedings.

Walker filed the subject Section 1983 Complaint alleging violations of his U.S. Constitutional rights including Due Process and Equal Protection. He also asserts claims for defamation and slander. He seeks punitive damages, general damages, and compensation for pain and suffering, emotional distress, mental anguish, and prospective future attorney's legal fees.[2]

## II.  **Standard of Review**

Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts

---

[2]The Court notes that summons has been withheld in this case. However, Walker has made a request for the issuance of summons to all Defendants. (R. Docs. 4, 5, 6.) Because this Court finds that Walker's Complaint should be dismissed as frivolous, it further recommends that the Requests for the Issuance of summons be denied.

alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

#### A.    Section 1983 Claim

Because there is no federal statute of limitations for § 1983 claims, the district court looks to the forum state's statute of limitations for personal injury claims.  *Board of Regents of Univ. of New York v. Tomanio*, 446 U.S. 478, 483 (1980) (citing 42 U.S.C. § 1988); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)).  In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which provides for a prescriptive period of one year from the date of injury or damage.[3]  *See Jacobsen*, 133 F.3d at 319 (citing  *Elzy v. Roberson*,  868 F.2d 793, 794 (5th Cir. 1989)).

For purposes of calculating the limitations period, a § 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action.  *Id*., at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  In this case, Walker's cause of action arises out of the alleged alteration of his June 15, 1994 *Boykin* hearing.  According to Walker, Exhibit 2,

---

[3]Article 3492 provides that: "[d]elictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.  It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

attached to his complaint, "clearly reflects the altered false transcribed colloquy." Exhibit 2 is Venturella's Process-Verbal in which she outlines the changes she made to the transcript. The document is dated April 5, 2004. Applying the prescriptive period, Walker had one year from that date, or until August 5, 2005, to timely file his § 1983 petition.

The record in this case reflects that Walker's complaint was filed by the Clerk of Court on August 17, 2010, when pauper status was granted. (*See* R. Doc. 1.) The Fifth Circuit, however, has recognized that a "mailbox rule" applies to pleadings submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the Court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Here, Walker dated his signature on the petition on July 23, 2010. This is presumed to be the earliest date on which he could have delivered the set of documents to prison officials for mailing to a federal court.

As noted above, Walker's claims brought in this § 1983 action accrued on April 5, 2004. Therefore, Walker had one-year from that date, or until April 5, 2005, to file his suit in accordance with La. Civ. Code art. 3492 as applicable to § 1983 *et seq*. Walker did not file this above captioned matter until over five years after the prescription period had expired. As such, Walker's complaint should be dismissed as frivolous.[4]

---

[4] The Court further notes that, to the extent that Walker challenges his confinement based on the alleged changed in the *Boykin* transcript, his Complaint is also subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a damages request for alleged civil rights violations which calls into question the validity of a state court conviction that has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under § 1983. To the degree Walker contends that the alleged falsified transcript resulted in his confinement, this would clearly call into question the validity of his present confinement. As such, Walker's claims should be dismissed with prejudice as they are not cognizable under § 1983 until such time as the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (dismissal under *Heck* should be with prejudice).

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Walker's § 1983 claims against the defendants, Malise Prieto, Betty Venturella and Scott Gardner, be **DISMISSED WITH PREJUDICE** as time-barred.

**IT IS FURTHER RECOMMENDED** that Walker's requests for issuance of summons **(R. Docs. 4, 5, 6)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 25th day of August, 2011.

  _____
  **KAREN WELLS ROBY**
  **UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.